[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is an action on a bond which was substituted in lieu of a mechanics lien on premises owned by the defendant Judd Square Associates Limited Partnership. The plaintiff Strober Connecticut Building Supply Centers, Inc. recovered a judgment against Letourneau and Young Drywall, Inc., a contractor who had performed construction services on behalf of the defendant. The plaintiff has now brought this action against the defendant Judd Square Associates Limited Partnership, because it failed to pay the judgment for the debt evidenced by the mechanic's lien and the plaintiff seeks recovery from it and the surety defendant Joseph DiNatale.
The defendants have moved the court to strike the plaintiff's claim for attorney's fees because there is no allegation of a contractual or statutory basis which would permit the court to grant them. The plaintiff claims these fees on the theory that because Connecticut General Statutes 49-37
permits the owner of real property burdened by a mechanic's lien to substitute security for the debt claimed owed by posting a bond in lieu of the mechanic's lien, and thereby benefits the property owner, the lienor should not thereby be prevented from recovering attorney's fees in a in a suit on a bond where these counsel fees would have been permitted in an action to foreclose the mechanics lien.
Section 52-249 of the Connecticut General Statutes authorizing recovery of counsel fees applies only to mechanic's CT Page 296 lien foreclosures.
Separate sections of the statutes relate to suits on a bond. Neither 49-37 (a) which permits substitution of a bond in lieu of a mechanics lien nor 49-42 authorizing suit on the substituted bond provide for allowance of attorney's fees to the successful plaintiff.
Since the plaintiff can point to no contractual or statutory authorization and the pertinent statutory provisions do not authorize imposition of attorney's fees as a part of any judgment rendered in a successful suit on the bond, the motion to strike is granted.
The court recognizes that the plaintiff in terms of recovery of attorney's fees may be better off in an action to foreclose a mechanics lien than one in which a bond substituted in lieu of the mechanics lien is sued upon. However, any disparity in such situations must find its remedy in legislative action not the fiat of a court.
Absent contractual agreement or express statutory authorization a successful plaintiff cannot recover attorney's fees expended in obtaining the judgment from his opponent. See Gionfriddo v. Avis Rent A Car Systems, Inc., 192 Conn. 280, 297.
FLYNN, JUDGE